FLEXOLITE ELECTRICAL, LTD. v. THOMAS D. GILLIAM, JR. AND THOMAS D. GILLIAM COMPANY

No. 8122SC374

(Filed 1 December 1981)

**Limitation of Actions § 16.1; Pleadings § 38.3— judgment on pleadings based on statute of limitations**

The trial court erred in entering judgment on the pleadings for defendants on the ground that it appeared on the face of the complaint that plaintiff's action for breach of contract was barred by the statute of limitations where plaintiff alleged that it advanced money to defendants and defendants agreed to issue stock in defendant corporation to plaintiff, and that defendants breached the contract by failing to issue the stock and failing to return the money to plaintiff, but it did not appear on the face of the complaint when the

breach occurred, since the statute of limitations governing actions based on express contracts does not begin to run until the alleged breach occurs and the cause of actions accrues.

APPEAL by plaintiff from *Kivett, Judge.* Judgment entered 4 March 1981 in Superior Court, IREDELL County. Heard in the Court of Appeals 18 November 1981.

Plaintiff appeals from the dismissal of its claim as being time barred. In its complaint, plaintiff alleged the following facts:

3. Plaintiff advanced to Defendant, Thomas D. Gilliam Company, the sums of $5,000 on January 11, 1977; Plaintiff advanced to Defendant, Thomas D. Gilliam, Jr. the sums of $5,000 on March 11, 1977, $5,000 on April 29, 1977, and $5,000 on May 12, 1977, said sums initially advanced to Defendant, Thomas D. Gilliam, Jr., for the purchase of 50% of the capital stock of Defendant, Thomas D. Gilliam Company.

4. After failing to issue any stock, Defendants by letter dated January 12, 1978, a copy of which is attached hereto as Exhibit A and incorporated herein, acknowledged this debt of $20,000, and agreed to execute a note for $15,000 to Plaintiff in accordance with the terms contained in the letter, and to treat the additional $5,000 as payment for services rendered, all in accordance with the terms of the letter.

5. Defendants have neither delivered stock in the Defendant, Thomas D. Gilliam Company, nor have they paid any amount of this outstanding debt, nor have they issued notes in accordance with said letter attached hereto.

The letter, Exhibit A, was written and signed by Thomas D. Gilliam, Jr. and refers to the $20,000 advanced to the defendants. It is addressed to Mr. Edward Lenkov, c/o Cleve Mont Industries, Ltd., 4035 Richelieu Street, Montreal, Quebec, Canada.

*Satisky & Silverstein, by Howard P. Satisky, for plaintiff appellant.*

*Raymer, Lewis, Eisele & Patterson, by Douglas G. Eisele, for defendant appellees.*

MARTIN (Harry C.), Judge.

Plaintiff's claim was improperly dismissed. A judgment on the pleadings in favor of a defendant who asserts the statute of

limitations as a bar is proper when, and only when, all the facts necessary to establish the limitation are alleged or admitted. *Huss v. Huss*, 31 N.C. App. 463, 230 S.E. 2d 159 (1976); *Land v. Pontiac, Inc.*, 6 N.C. App. 197, 169 S.E. 2d 537 (1969), *cert. denied*, 276 N.C. 85 (1970). In their motion to dismiss, defendants allege only that "it appears upon the face of the complaint that the contractual claims alleged by the plaintiff are barred by the applicable statute of limitations, North Carolina General Statute 1-52."

This is an action for breach of contract. Plaintiff alleges it advanced money to defendants and defendants agreed to issue stock in defendant corporation to plaintiff. Plaintiff alleges defendants breached the contract by failing to issue the stock and failing to return the money to plaintiff. However, it does not appear on the face of the complaint when the breach occurred. "In no event can a statute of limitations begin to run until plaintiff is entitled to institute action." *Reidsville v. Burton*, 269 N.C. 206, 211, 152 S.E. 2d 147, 152 (1967). A judgment on the pleadings based upon a plea of the statute of limitations is proper only when the pleadings fail to present any issue of fact for determination by a jury. *Id.* "The three-year period of the statute of limitations governing actions based on express contracts does not begin to run until the alleged breach occurs and the cause of action accrues." *Silver v. Board of Transportation*, 47 N.C. App. 261, 266, 267 S.E. 2d 49, 53-54 (1980).

Judgment on the pleadings is not favored by law and the trial court is required to view the facts and permissible inferences in the light most favorable to the nonmovant. *Wilson v. Development Co.*, 276 N.C. 198, 171 S.E. 2d 873 (1970); *Huss, supra.* The complaint fails to disclose when plaintiff's cause of action accrued; therefore, all the facts necessary to establish the limitation do not appear on the face of the pleadings. *Reidsville, supra.* On the hearing of the motion to dismiss, plaintiff had the burden to show that its claim was not barred on the face of the complaint. *Solon Lodge v. Ionic Lodge*, 247 N.C. 310, 101 S.E. 2d 8 (1957). It has carried that burden.

Reversed.

Judges ARNOLD and WELLS concur.