NANCY UNDERWOOD GROVES, Plaintiff v. COMMUNITY HOUSING CORPORATION OF HAYWOOD COUNTY, a North Carolina Non-Profit Corporation, and THE TOWN OF WAYNESVILLE, by and through its Board of Aldermen, a body politic organized and existing under the laws of the State of North Carolina, Defendants

No. COA00-404

(Filed 5 June 2001)

**1. Appeal and Error— record—extension of time to settle—not timely**

A hearing held by a trial court to settle a record was not timely where plaintiff filed a notice of appeal on 9 November 1999; plaintiff served defendants with a proposed record on 5 January 2000, to which objections were filed; plaintiff served a request to settle the record on 2 February; plaintiff filed a notice of hearing on her request to settle the record on 3 March; the trial court judge signed an order purporting to extend time to settle the record on 17 March; it appears that a hearing was held on 17 March and that the court filed an order settling the record on 28 March; and the record was filed with the Court of Appeals on 12 April. The hearing to settle the record and the subsequent order were not timely and exceeded the authority of the trial court to grant extensions because the trial court may only consider motions to extend the time for the service of the proposed record on appeal, but plaintiff presented no such motion in this case. Nevertheless, the Rules of Appellate Procedure were suspended in this case to permit consideration of the appeal. N.C. R. App. P. 11(c).

**2. Appeal and Error— assignments of error—not required—whether summary judgment properly granted**

Assignments of error are not required where the question presented is whether summary judgment was properly granted.

**3. Civil Procedure— summary judgment—notice—judgment on the pleadings**

There was no error in the trial court granting summary judgment for a defendant in an action contesting the closing of a purported street where plaintiff contended that she had not received proper notice, but the record contained no affidavits, interrogatories or anything else other than the pleadings. The court's entry of judgment is deemed to have been made pursuant to a motion

for judgment on the pleadings under Rule 12(c), so that plaintiff was not entitled to the ten days' notice required for a motion for summary judgment.

**4. Highways and Streets— closing—action to stop—statute of limitations**

A motion for judgment on the pleadings for defendant was properly granted in an action seeking to stop the closing of a street where the action was filed more than thirty days after the adoption of an ordinance purporting to close the disputed strip of land and is barred by the statute of limitations of N.C.G.S. § 160A-299(b).

Appeal by plaintiff from orders entered 18 October 1999 and 26 October 1999 by Judge Zoro J. Guice, Jr. in Superior Court, Haywood County. Heard in the Court of Appeals 6 February 2001.

*The Frue Law Firm, P.A., by William C. Frue, Jr. and Michael C. Frue, for the plaintiff-appellant.*

*McGuire, Wood & Bissette, P.A., by Grant B. Osborne, for the defendant-appellee Community Housing Corporation of Haywood County.*

*Brown, Queen, Patten & Jenkins, PA, by Frank G. Queen, and Brown, Ward & Haynes, P.A., by Michael L. Bonfoey, for the defendant-appellee Town of Waynesville.*

WYNN, Judge.

The plaintiff brought this action under the North Carolina Uniform Declaratory Judgment Act, N.C. Gen. Stat. §§ 1-253 et seq. (1996), to contest the validity of a proceeding to close a thirty-foot wide strip of land adjacent to her property located in Waynesville. The defendant Community Housing Corporation of Haywood County claims title to property adjacent to plaintiff's property, including a portion of the disputed thirty-foot wide strip of land.

The complaint filed on 13 November 1998 alleges that on 14 July 1997, defendant Town of Waynesville attempted to close a portion of said strip of land, a purported street, by passing an ordinance pursuant to N.C. Gen. Stat. § 160A-299 (1994). The complaint alleges that plaintiff has a property right amounting to a private easement in the strip of land, and that she was not provided the required notice of Waynesville's intent to close the property to which she was entitled

**GROVES v. COMMUNITY HOUS. CORP.**

[144 N.C. App. 79 (2001)]

by law. The complaint further alleges that Waynesville acted improperly in purporting to close the strip of land, and in doing so Waynesville "purported to deprive Plaintiff of her right of access and use of the private easement adjoining her property" in a manner violative of plaintiff's property rights and her right to due process. The plaintiff further claims possession of a "permanent easement of right of way by estoppel" superior to the fee simple rights of the owner of the property.

Waynesville filed a Motion to Dismiss and Answer on 31 December 1998, wherein it asserted the complaint failed to state a claim upon which relief can be granted, and asserted the statute of limitations as an affirmative defense. Community Housing Corporation filed an answer in which it also asserted a Rule 12(b)(6) motion to dismiss for failure to state a claim. Community Housing Corporation subsequently filed a motion for summary judgment dated 28 September 1999, which motion was heard on 11 October 1999. The trial court entered an order of summary judgment on 18 October 1999 in favor of Community Housing Corporation. On 26 October 1999, the trial court entered an order purporting to grant summary judgment in favor of Waynesville. From these two orders, the plaintiff appeals.

[1] We first consider Community Housing Corporation's motion, filed 31 July 2000, to dismiss the plaintiff's appeal, based upon her failure to comply with our Rules of Appellate Procedure.

The plaintiff filed a notice of appeal on 9 November 1999. On 5 January 2000, plaintiff served defendants with a proposed record on appeal, to which Community Housing Corporation filed certain objections. The plaintiff, on 2 February 2000, timely served by mail a request to settle the record on appeal; this request was sent to both defendants and to Judge Zoro J. Guice, Jr., and was filed in the Superior Court, Haywood County on 2 February 2000.

Thirty days later, on 3 March 2000, plaintiff filed a notice of hearing on her request to settle the record on appeal, advising that the hearing to settle the record would be conducted on 17 March 2000. On 17 March 2000, Judge Guice signed an order purporting to extend the time to settle the record on appeal; no filing stamp appears on this order. It appears as though the trial court conducted a hearing to settle the record on appeal on 17 March 2000, following which the court, on 28 March 2000, filed an order settling the record on appeal. Fifteen days thereafter, on 12 April 2000, the record on appeal was filed with this Court.

The Rules of Appellate Procedure are mandatory, and failure to follow them will subject an appeal to dismissal. *See May v. City of Durham*, 136 N.C. App. 578, 525 S.E.2d 223 (2000); *Bledsoe v. County of Wilkes*, 135 N.C. App. 124, 519 S.E.2d 316 (1999); *Steingress v. Steingress*, 350 N.C. 64, 511 S.E.2d 298 (1999). "The rules are designed to keep the process of perfecting an appeal flowing in an orderly manner." *Pollock v. Parnell*, 126 N.C. App. 358, 361, 484 S.E.2d 864, 866 (1997). Only those who properly appeal from judgments and orders of the trial court are entitled to relief in the appellate division. *See Craver v. Craver*, 298 N.C. 231, 258 S.E.2d 361 (1979). Furthermore, it is the appellant who "bears the burden of seeing that the record on appeal is properly settled and filed with this Court." *McLeod v. Faust*, 92 N.C. App. 370, 371, 374 S.E.2d 417, 418 (1988); *see Webb v. McKeel*, 132 N.C. App. 816, 817, 513 S.E.2d 596, 597 (1999).

N.C.R. App. P. 11 (2001) states that, following service upon the trial judge of a written request to settle the record on appeal:

The judge shall send written notice to counsel for all parties setting a place and a time for a hearing to settle the record on appeal. The hearing shall be held not later than 15 days after service of the request for hearing upon the judge. The judge shall settle the record on appeal by order entered not more than 20 days after service of the request for hearing upon the judge.

N.C.R. App. P. 11(c). Here, the plaintiff served a request to settle the record upon Judge Guice on 2 February 2000; pursuant to Rule 11(c), a hearing to settle the record should have been held no later than 17 February 2000, and the record should have settled no later than 22 February 2000.

N.C.R. App. P. 27 (2001), which concerns the computation and extension of time under the Rules of Appellate Procedure, provides that, where service is effected by mail, the party required to act within a prescribed period after service thereon shall be allowed an additional three days within which to act. *See* N.C.R. App. P. 27(b). Accordingly, the hearing on the settling of the record should have occurred no later than 21 February 2000 (as 20 February was a Sunday), and the order settling the record must have been entered no later than 25 February 2000.

Additionally, Rule 11(f) provides for extensions of time pursuant to Rule 27(c). *See* N.C.R. App. P. 11(f); N.C.R. App. P. 27(c). Rule 27(c)

provides that the trial court may, upon motion and for good cause shown, extend any of the times prescribed by the Rules "for doing any act required or allowed" under the Rules. N.C.R. App. P. 27(c). However, the trial court may only consider motions to extend "the time permitted by Rule 11 or Rule 18 for the service of the proposed record on appeal." N.C.R. App. P. 27(c)(1). All other motions for extensions of time "may only be made to the appellate court to which appeal has been taken." N.C.R. App. P. 27(c)(2).

In the instant case, the plaintiff presented no motion, either to the trial court or to this Court, seeking an extension of the time permitted under Rule 11(c) for holding a hearing to settle the record, and for entry of an order settling the record on appeal. Although the record indicates that no such request was ever made, the trial court nonetheless entered an order dated 17 March 2000, which does not appear to have been filed, purporting to extend the time for settling the record on appeal. We note that this order was not timely, and in any event is of no help to plaintiff because it exceeded the authority vested in the trial court to grant extensions. *See* N.C.R. App. P. 27(c)(2). As plaintiff failed to obtain a proper extension of time pursuant to Rule 27, the hearing held by the trial court to settle the record, and the order filed on 28 March 2000 settling the record, were not timely, and thus violated Rule 11(c). *See* N.C.R. App. P. 11(c).

Nonetheless, we exercise our discretion pursuant to Rule 2 to suspend the Rules, permitting us to consider the merits of plaintiff's appeal. *See* N.C.R. App. P. 2 (2001); *Onslow County v. Moore*, 127 N.C. App. 546, 491 S.E.2d 670 (1997), *disc. review allowed, decision vacated and remanded for consideration on the merits*, 347 N.C. 672, 500 S.E.2d 88 (1998). Accordingly, Community Housing Corporation's motion to dismiss the appeal is hereby denied.

[2] The plaintiff does not set forth any assignments of error in the record on appeal; however, such assignments are not required where the question presented is whether summary judgment was properly granted. *See* N.C.R. App. P. 10 (2001); *Vernon, Vernon, Wooten, Brown & Andrews v. Miller*, 73 N.C. App. 295, 326 S.E.2d 316 (1985); *Ellis v. Williams*, 319 N.C. 413, 355 S.E.2d 479 (1987). The issues presented to this Court are: (1) Whether there exists a genuine issue of material fact; and (2) Whether the moving party is entitled to judgment as a matter of law. *See Miller; Ellis; see also* N.C. Gen. Stat. § 1A-1, Rule 56 (2000). We therefore consider plaintiff's appeal as to the orders entered against her in favor of each defendant.

[3] As to Community Housing Corporation, plaintiff's complaint seeks a temporary injunction preventing construction on the disputed thirty-foot wide strip of land. The issuance of this injunction is contingent on the outcome of plaintiff's declaratory judgment action against Waynesville.

The trial court's 26 October 1999 order purporting to grant summary judgment in favor of Waynesville states in relevant part that it is based upon Waynesville's motion:

> raised in open court for dismissal based on [the Town of Waynesville's] motion to dismiss and affirmative defense. The plaintiff did not object to defendant Town of Waynesville's motion and the court treats the defendant Town of Waynesville's motion as a motion for summary judgment. It appears to the Court that there is no genuine issue as to any material fact and that the defendant, Town of Waynesville, is entitled to judgment as a matter of law.

The trial court therefore purports to grant summary judgment in favor of Waynesville, and states that "this action is dismissed with prejudice with the costs to be taxed to the plaintiff."

In its 18 October 1999 order of summary judgment in favor of Community Housing, the trial court states that it considered all submissions made by plaintiff and defendants, as well as arguments of counsel made in open court, and concluded that "there is no genuine issue as to any material fact as shown by the pleadings and the plaintiff's answers to interrogatories." We note that the record contains no interrogatories or responses thereto, nor has the appellant submitted a transcript of the 11 October 1999 hearing. Our review is therefore limited to the parties' pleadings as included in the record on appeal.

In her complaint, plaintiff sought the following relief:

1. That the Court declare that the rights of Plaintiff to the use and enjoyment of the Street purportedly closed by [the] Ordinance are superior to any rights acquired by the Defendant "Community Housing" by Deed recorded in Deed Book 467 at Page 1106, Haywood County, N.C. Registry.

2. That the Court declare that the Defendant "Town" failed to give Plaintiff notice of its intention to close the 30-foot street

adjacent to her property as required by law rendering the passage of Ordinance #9-97 purportedly closing such street unlawful and to declare same null and void having failed to comply with the notice requirements of N.C.G.S. 160-A-299.

3. That the Court declare that the description of the strip of land the Town purports to close in Ordinance #9-97 is ambiguous and uncertain and therefore void to give record notice as required by the laws of the State of North Carolina; that the Court declare said Ordinance to be a nullity.

4. That the Plaintiff has heretofore enjoyed a private easement by estoppel in said 30-foot strip known as New Street along with her predecessors in title for at least 80 years; that the public has never acquired an interest in said street nor used nor maintained same; that a municipality cannot utilize the provisions of N.C.G.S. 160A-299 et seq. to close streets or roadways in which the public has never held an interest; that Ordinance #9-97 is therefore a nullity as a matter of law.

5. That a temporary injunction issue against the Defendant "Community Housing" preventing the construction of any building on any portion of the 30-foot street located within the property described in Deed Book 467 at Page 1106, Haywood County, N.C. Registry.

Waynesville responded by filing a "Motion to Dismiss and Answer," wherein it admits that an ordinance was passed closing a portion of a street adjacent to plaintiff's property. However, Waynesville moved the court "pursuant to Rule 12(b) of the Rules of Civil Procedure to dismiss the . . . action for failure of the complaint to state a claim upon which relief can be granted," and alleged that plaintiff's actions are barred by the applicable statute of limitations. We agree.

In her brief on appeal, plaintiff argues that the trial court erred in granting Waynesville summary judgment, as no motion for summary judgment was properly before the court. The plaintiff contends that she did not receive the required ten days' notice pursuant to N.C. Gen. Stat. § 1A-1, Rule 56. *See* N.C. Gen. Stat. § 1A-1, Rule 56(c) (requiring a party moving for summary judgment to serve the motion "at least 10 days before the time fixed for the hearing" thereon). Because we conclude that the trial court's action constituted a judgment on the pleadings pursuant to Rule 12, rather than a summary judgment pursuant to Rule 56, we find no error.

The trial court denominated its order an "Order of Summary Judgment For The Town of Waynesville." However, where "the record on appeal contains no affidavits, answers to interrogatories, or anything else other than the pleadings upon which to base the decision, the court's entry of judgment will be deemed to have been made" pursuant to a motion to dismiss under Rule 12. *Town of Bladenboro v. McKeithan,* 44 N.C. App. 459, 460, 261 S.E.2d 260, 261, *appeal dismissed,* 300 N.C. 202, 282 S.E.2d 228 (1980) *(citing Reichler v. Tillman,* 21 N.C. App. 38, 203 S.E.2d 68 (1974)); *see* N.C. Gen. Stat. § 1A-1, Rule 12 (2000); *Burton v. Kenyon,* 46 N.C. App. 309, 264 S.E.2d 808 (1980); *Adams v. Moore,* 96 N.C. App. 359, 385 S.E.2d 799 (1989), *disc. review denied,* 326 N.C. 46, 389 S.E.2d 83 (1990); *Johnson v. Ruark Obstetrics and Gynecology Assocs.,* 327 N.C. 283, 395 S.E.2d 85 (1990).

Indeed, the trial court's order provides that the cause was heard "on motion of defendant, Town of Waynesville, raised in open court for dismissal based on the defendant's motion to dismiss and affirmative defense." Furthermore, the record on appeal contains no affidavits, answers to interrogatories, or transcripts of arguments by counsel. Accordingly, we treat the court's entry of judgment in favor of the Town as having been made pursuant to a Rule 12(c) motion for judgment on the pleadings. *See Burton; Johnson.* As such, the plaintiff was not entitled to the ten days' notice as required pursuant to Rule 56(c) on a motion for summary judgment.

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted must be made in the movant's responsive pleading, or by motion prior to filing a responsive pleading. *See* N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). A Rule 12(c) motion for judgment on the pleadings must be made "[a]fter the pleadings are closed but within such time as not to delay the trial." N.C. Gen. Stat. § 1A-1, Rule 12(c). Waynesville's Rule 12(b)(6) motion to dismiss was included in its responsive pleading; according to the trial court's order, Waynesville made an additional motion in open court "based on the [Town of Waynesville's] motion to dismiss and affirmative defense." The plaintiff does not contend that these Rule 12 motions were untimely.

[4] The question presented, therefore, is whether Waynesville's motion for judgment on the pleadings was properly granted by the trial court. A Rule 12(c) motion should be granted only when "the movant clearly establishes that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of

law." *Minor v. Minor*, 70 N.C. App. 76, 78, 318 S.E.2d 865, 867, *disc. review denied*, 312 N.C. 495, 322 S.E.2d 558 (1984).

> Judgment on the pleadings, pursuant to Rule 12(c), is appropriate " 'when all the material allegations of fact are admitted in the pleadings and only questions of law remain.' " [*Bladenboro*, 44 N.C. App. at 460, 261 S.E.2d at 261] (quoting *Ragsdale* [*v. Kennedy*], 286 N.C. [130,] 136-37, 209 S.E.2d [494,] 499 [(1974)]). The trial court must " 'view the facts and permissible inferences in the light most favorable to the non-moving party[],' " taking all well-pleaded factual allegations in the non-moving party's pleadings as true. *Id.* at 461, 261 S.E.2d at 262 (quoting *Ragsdale*, 286 N.C. at 136-37, 209 S.E.2d at 499).

> When ruling on a motion for judgment on the pleadings, the trial court "is to consider only the pleadings and any attached exhibits, which become part of the pleadings." *Minor v. Minor*, 70 N.C. App. 76, 78, 318 S.E.2d 865, 867, *disc. review denied*, 312 N.C. 495, 322 S.E.2d 558 (1984).

*Terrell v. Lawyers Mut. Liab. Ins. Co.*, 131 N.C. App. 655, 659-60, 507 S.E.2d 923, 926 (1998).

Judgments on the pleadings are disfavored in law, and the trial court must view the facts and permissible inferences in the light most favorable to the non-moving party. *Flexolite Elec., Ltd. v. Gilliam*, 55 N.C. App. 86, 88, 284 S.E.2d 523, 524 (1981). "A judgment on the pleadings in favor of a defendant who asserts the statute of limitations as a bar is proper when, and only when, all the facts necessary to establish the limitation are alleged or admitted." *Id.* at 87-88, 284 S.E.2d at 524. In such an instance, the plaintiff bears the burden of showing that her claim is not barred on the face of the complaint. *Id.* at 88, 284 S.E.2d at 524. A judgment on the pleadings may be appropriate in an action for declaratory relief, where the record shows there is no basis for such relief. *See Kirkman v. Kirkman*, 42 N.C. App. 173, 256 S.E.2d 264, *disc. review denied*, 298 N.C. 297, 259 S.E.2d 300 (1979); N.C. Gen. Stat. § 1-253.

In the instant case, the complaint states that the ordinance purporting to close the thirty-foot strip of land was passed by Waynesville on 14 July 1997, having been adopted on 24 March 1997. The complaint seeking declaratory judgment was dated 13 November 1998. The statute under which Waynesville purported to close the street, N.C. Gen. Stat. § 160A-299, provides as follows:

WHALEY v. WHITE CONSOL. INDUS., INC.

[144 N.C. App. 88 (2001)]

Any person aggrieved by the closing of any street or alley . . . may appeal the council's order to the General Court of Justice within 30 days of its adoption.

. . .

*No cause of action or defense founded upon the invalidity of any proceedings taken in closing any street or alley may be asserted, nor shall the validity of the order be open to question in any court upon any ground whatever, except in an action or proceeding begun within 30 days after the order is adopted.*

N.C. Gen. Stat. § 160A-299(b) (emphasis added). As the complaint was filed more than thirty days after the adoption of the ordinance purporting to close the disputed strip of land, plaintiff's action is barred by the statute of limitations. Accordingly, the trial court committed no error in dismissing plaintiff's cause of action against Waynesville with prejudice. Furthermore, as the trial court properly dismissed the cause of action against Waynesville, the court also committed no error in granting summary judgment to Community Housing Corporation, as plaintiff's cause of action against Community Housing Corporation was contingent upon her claim against Waynesville.

Affirmed.

Judges McGEE and BIGGS concur.