Lawrence v. UMLIC-Five Corp., 2007 NCBC 20

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
06 CVS 20643

| | |
|---|---|
| KIRK ALLEN LAWRENCE and SANDRA LAWRENCE, <br><br> Plaintiffs, <br><br> v. <br><br> UMLIC-FIVE CORP.; UNITED MORTGAGE & LOAN INVESTMENT LLC; ARTHUR E.KECHIJIAN; LARRY E. AUSTIN; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JOHN DOE #5; JOHN DOE #6; JOHN DOE #7; JOHN DOE #8; JOHN DOE #9; and JOHN DOE #10, <br><br> Defendants. | ORDER AND OPINION |

*Poyner & Spruill LLP by Joshua B. Durham and Michelle C. Hunt for Plaintiffs Kirk Allen Lawrence and Sandra Lawrence.*

*Katten Muchin Rosenman LLP by Richard L. Farley and Jeffrey C. Grady for Defendants United Mortgage & Loan Investment, LLC, Arthur E. Kechijian and Larry E. Austin.*

Diaz, Judge.

{1}    The Court has before it the Motion of Defendants United Mortgage & Loan Investment, LLC, Arthur E. Kechijian, and Larry E. Austin (collectively, the "Defendants") to Dismiss Plaintiffs' Fourth and Fifth Causes of Action pursuant to Rules 9(b) and 12(c) of the North Carolina Rules of Civil Procedure (the "Motion").

{2}    The Motion seeks dismissal of Plaintiffs' claims alleging fraud and a violation of the North Carolina Unfair and Deceptive Trade Practices Act (the "UDTPA"), section 75–1.1 of the North Carolina General Statutes.

{3}    After considering the Complaint, the Answer of the Defendants, the parties' briefs, and the arguments of counsel, the Court **GRANTS** the Motion.

## I.
## PROCEDURAL BACKGROUND

{4}    Plaintiffs Kirk Allen Lawrence and Sandra Lawrence filed their Complaint on 20 October 2006.

{5}    The matter was transferred to the North Carolina Business Court as a mandatory complex business case on 29 November 2006 and subsequently assigned to me.

{6}    Defendants filed the Motion on 12 March 2007 and filed a supporting brief the next day.

{7}    Plaintiffs filed a brief opposing the Motion on 4 April 2007, and Defendants filed a reply on 17 April 2007.

{8}    On 22 May 2007, the Court heard oral arguments on the Motion.

## II.
## THE FACTS
## A.
## THE PARTIES

{9}    The following facts are taken from the Plaintiffs' Complaint, which the Court accepts as true for purposes of the Motion.

{10}    Plaintiffs are residents of Travis County, Texas.  (Compl. ¶ 1.)

{11}    Defendant UMLIC-Five Corp. ("UMLIC-Five") is or was a North Carolina corporation with its principal place of business in Mecklenburg County, North Carolina.  (Compl. ¶ 2.)

{12}  Defendant United Mortgage & Loan Investment, LLC ("UMLI") is a North Carolina limited liability company with its principal place of business in Mecklenburg County, North Carolina. (Compl. ¶ 3.) UMLI is a director and/or shareholder of UMLIC-Five. (Compl. ¶ 7.)

{13}  Defendant Arthur E. Kechijian ("Kechijian") resides in Mecklenburg County, North Carolina and is a director and/or shareholder of UMLIC-Five. (Compl. ¶¶ 4, 7.)

{14}  Defendant Larry E. Austin ("Austin") resides in Mecklenburg County, North Carolina and is a director and/or shareholder of UMLIC-Five. (Compl. ¶¶ 5, 7.)

B.

THE CLAIMS

{15}  In 1995, Plaintiffs filed suit against UMLIC-Five in the District Court for Travis County, Texas, alleging, among other things, that UMLIC-Five violated the Texas Constitution and other state statutes by wrongfully foreclosing upon their home and unlawfully attempting to evict them (hereinafter, the "Travis County Litigation"). (Compl. ¶ 9.)

{16}  Defendants directly controlled the activities of UMLIC-Five throughout the course of the Travis County Litigation. (Compl. ¶ 49.)

{17}  The Travis County Litigation spanned eleven years, with UMLIC-Five vigorously defending the claims against it and giving Plaintiffs and their counsel the impression that it was an active, functioning entity. (Compl. ¶ 13.)

{18}  Without notifying the Plaintiffs, however, UMLIC-Five filed Articles of Dissolution with the North Carolina Secretary of State on 23 October 2001. (Compl. ¶ 14, Ex. B.)

{19}  Thereafter, UMLIC-Five continued to defend the Travis County Litigation. At no time during the ensuing four-and-a-half years did Defendants disclose to the Plaintiffs that UMLIC-Five had been dissolved. (Compl. ¶ 15.) Rather, Kechijian and Austin "made material misrepresentations of fact, and knowingly and willfully

concealed material facts, relating to the existence of UMLIC-Five and its continued operations." (Compl. ¶ 39.)

{20} As an example, Plaintiffs allege that UMLIC-Five failed to respond to discovery requests in the Travis County Litigation directed at the issue of UMLIC-Five's corporate status. (Compl. ¶ 15.) Plaintiffs do not, however, provide any additional information regarding these discovery requests.

{21} Defendants also willfully failed to provide the appropriate statutory notices of dissolution to UMLIC-Five's creditors pursuant to sections 55–14–06 and 55–14–07 of the North Carolina General Statutes. (Compl. ¶ 16.)

{22} On 16 February 2006, UMLI notified Plaintiffs for the first time that UMLIC-Five had been in dissolution since October 2001. (Compl. ¶ 17, Ex. C.)

{23} Shortly thereafter, UMLIC-Five abandoned its defense of the Travis County Litigation. (Compl. ¶ 18.)

{24} As a result, the District Court for Travis County found for the Plaintiffs and rendered judgment in their favor and against UMLIC-Five in the amount of $3.8 million. (Compl. Ex. A.)

{25} In this case, Plaintiffs allege claims against the Defendants for, among other things: (1) breach of fiduciary duty, (2) common law fraud, (3) fraudulent transfers of UMLIC-Five's assets, (4) violating the requirements of Chapter 55 of the North Carolina General Statutes by failing to notify Plaintiffs in writing of UMLIC-Five's dissolution, and (5) knowingly and willfully concealing material facts relating to the corporate status of UMLIC-Five and its impending or actual dissolution. (Compl. ¶¶ 21–47.)

{26} Plaintiffs also seek to pierce UMLIC-Five's corporate veil so as to reach the assets of the Defendants for any damages awarded in this case. (Compl. ¶¶ 48–53.)

III.

CONCLUSIONS OF LAW

A.

STANDARD OF REVIEW

{27}   "Judgments on the pleadings [pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure] are disfavored in law, and the trial court must view the facts and permissible inferences in the light most favorable to the non-moving party." *Groves v. Cmty. Hous. Corp.*, 144 N.C. App. 79, 87, 548 S.E.2d 535, 540 (2001) (citing *Flexolite Elec., Ltd. v. Gilliam*, 55 N.C. App. 86, 88, 284 S.E.2d 523, 540 (1981)).

{28}   "A Rule 12(c) motion should be granted only when 'the movant clearly establishes that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law.'" *Id.* at 86–87, 548 S.E.2d at 540 (quoting *Minor v. Minor*, 70 N.C. App. 76, 78, 318 S.E.2d 865, 867 (1984)).

{29}   A fraud claim is "subject to more exacting pleading requirements than are generally demanded by our liberal rules of notice pleading." *Chesapeake Microfilm, Inc. v. E. Microfilm Sales & Serv., Inc.*, 91 N.C. App. 539, 542, 372 S.E.2d 901, 903 (1988) (citing *Stanford v. Owens*, 76 N.C. App. 284, 289, 332 S.E.2d 730, 733 (1985) (quotations omitted)).

{30}   Rule 9(b) of the North Carolina Rules of Civil Procedure demands that fraud be pled with particularity. *See* N.C. R. Civ. P. 9(b).  A pleader meets the requirements of Rule 9(b) when its fraud claim alleges the "time, place and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result of the fraudulent acts or representations." *Bob Timberlake Collection, Inc. v. Edwards*, 176 N.C. App. 33, 39, 626 S.E.2d 315, 321 (2006) (quoting *Terry v. Terry*, 302 N.C. App. 77, 85, 273 S.E.2d 674, 678 (1981) (quotations omitted)).  "Mere generalities and conclusory allegations of fraud will not suffice." *Sharp v. Teague*, 113 N.C. App. 589, 597, 439 S.E.2d 792, 797 (1994) (quoting *Moore v. Wachovia Bank & Trust Co.*, 30 N.C. App. 390, 391, 226 S.E.2d 833, 835 (1976)).

B.

ANALYSIS

1.

THE FRAUD CLAIM

{31}    Defendants Kechijian and Austin assert that Plaintiffs' allegations of fraud should be dismissed pursuant to Rule 9(b) of the North Carolina Rules of Civil Procedure because the pleading does not identify:  (1) when the alleged misrepresentations were made, (2) where they were made, (3) the manner in which they were made, and (4) what was obtained as a result.  (Mem. Supp. Defs.' Rule 9 and Rule 12 Mot. Dismiss 4 (citing *Edwards*, 176 N.C. App. at 39, 626 S.E.2d at 32).)

{32}    Plaintiffs respond that they have sufficiently alleged all the material elements of a fraud claim. (Pls.' Mem. Opp'n Defs.' Mot. Dismiss Pls.' Fourth and Fifth Causes of Action 7–8.)

{33}    The Court **GRANTS** the Motion.

{34}    To state a claim for fraud, Plaintiffs must show:  (1) a false representation or concealment of material fact, (2) reasonably calculated to deceive, (3) made with the intent to deceive, (4) that does in fact deceive, and (5) results in damage to Plaintiffs.  *Harrold v. Dowd*, 149 N.C. App. 777, 782, 561 S.E.2d 914, 918 (2002) (citing *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 208 S.E.2d 494, 500 (1974)).  Where the claim arises by concealment or nondisclosure, Plaintiffs also must allege that all or some of the Defendants had a duty to disclose material information to them, as silence is fraudulent only when there is a duty to speak.  *Griffin v. Wheeler-Leonard & Co.*, 290 N.C. 185, 198, 225 S.E.2d 557, 565 (1976).

{35}    Plaintiffs' Complaint alleges that "Defendants Kechijian and Austin made material misrepresentations of fact, and knowingly and willfully concealed material facts, relating to the existence of UMLIC-Five and its continued operations." (Compl. ¶ 39.)

{36}    Thus, Plaintiffs here are alleging fraud both by the Defendants' affirmative misrepresentation of a material fact and by their silence in the face of a purported duty to disclose a material fact.

{37}    As to the portion of Plaintiffs' claim alleging an affirmative misrepresentation, however, the Complaint contains no specific allegations about the identity of the speaker or speakers, or the time when, or place where, the

fraudulent statements were made. In fact, other than alleging that the Defendants made material representations of fact, the Complaint fails to identify any fraudulent statement uttered by anyone. Thus, Plaintiffs' Complaint does not come close to satisfying the particularized pleading requirements of Rule 9(b).

{38} As to the portion of Plaintiffs' claim alleging fraud by concealment, the Court acknowledges that "fraudulent concealment or fraud by omission is, by its very nature, difficult to plead with particularity." *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 195 (M.D.N.C. 1997).

{39} Notwithstanding this difficulty, Magistrate Judge Russell Eliason set forth in *Breeden* the following pleading requirements that a plaintiff must satisfy in alleging fraud by concealment:

> (1) the relationship [between plaintiff and defendant] giving rise to the duty to speak; (2) the event or events triggering the duty to speak and/or the general time period over which the relationship arose and the fraudulent conduct occurred; (3) the general content of the information that was withheld and the reason for its materiality; (4) the identity of those under a duty who failed to make such disclosures; (5) what [the defendant] gained by withholding information; (6) why plaintiff's reliance on the omission was both reasonable and detrimental; and (7) the damages proximately flowing from such reliance.

*Breeden*, 171 F.R.D. at 195–96 (citing *Chrysler Credit Corp. v. Whitney Nat'l Bank*, 824 F. Supp. 587, 598 (E.D. La. 1993); *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990); *Learning Works, Inc. v. Learning Annex, Inc.*, 830 F.2d 541, 546 (4th Cir. 1987)).

{40} The Court adopts Judge Eliason's well-reasoned analysis. *See Turner v. Duke Univ.*, 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989) (stating that where federal and state civil procedure rules are similar, North Carolina state courts may look for guidance to federal court decisions interpreting the federal rules).

{41} Plaintiffs' Complaint fails to satisfy the *Breeden* pleading requirements for alleging fraud by concealment. Assuming *arguendo,* that Plaintiffs' pleading

satisfies the first four requirements of the *Breeden* test,[1] it fails to satisfy the last three.

{42} First, Plaintiffs fail to allege any facts demonstrating what the Defendants gained from failing to disclose that UMLIC-Five was in dissolution. As part of their claim alleging breach of fiduciary duty, Plaintiffs allege that Kechijian and Austin "received advantages not common to other creditors and took advantage of their position for the [sic] own benefit at Plaintiffs' expense" and "disbursed the assets of UMLIC-Five to themselves and other shareholders." (Compl. ¶¶ 22–23.)

{43} Plaintiffs, however, fail to set forth facts to support these claims, and they further qualify their allegations as being made "upon information and belief." (Compl. ¶¶ 22–23.) Allegations based "upon information and belief", however, are generally insufficient to meet the requirements of Rule 9(b). *Breeden*, 171 F.R.D. at 197 (citing *Andrews v. Fitzgerald*, 823 F. Supp. 356, 375 (M.D.N.C. 1993)). *Breeden* explains that "[a]llegations of fraud may be made 'upon information and belief' only when the matters are particularly within the defendants' knowledge, and facts are stated upon which the belief is founded." *Id.*

{44} Plaintiffs may not be privy to all of the facts regarding what the Defendants gained from the alleged fraudulent concealment. Nevertheless, even in a fraudulent concealment case, Plaintiffs must make some proffer of the facts supporting the allegations. *Id.* Plaintiffs' Complaint lacks such facts and therefore fails this prong of the *Breeden* test.

{45} Second, other than parroting a legal conclusion (*see* Compl. ¶ 42), Plaintiffs fail to set forth facts explaining why their reliance on the Defendants' silence was both reasonable and detrimental. Indeed, the Court is hard-pressed to see how the alleged silence of the Defendants prevented Plaintiffs from searching

---

[1]The Court doubts that Plaintiffs have satisfied the first two elements of the *Breeden* test as to UMLIC-Five's alleged duty to notify its creditors of its dissolution. The plain language of the statute imposes no such duty, but rather provides a process for a dissolved corporation to dispose promptly of known claims against it by giving notice of dissolution and establishing a deadline for the filing of claims. *See* N.C. Gen. Stat. § 55–14–06 (2005)

the public records of the North Carolina Secretary of State's office during the pendency of the Travis County Litigation to ascertain for themselves the corporate status of UMLIC-Five, particularly since they allege that UMLIC-Five was refusing to respond to discovery on this very point.

{46}   Third, Plaintiffs' claim of damage from the alleged fraud is curious at best. Plaintiffs allege that by failing to disclose that UMLIC-Five was in dissolution "Defendants Kechijian and Austin intended to mislead Plaintiffs and prevent them from asserting claims in the [Travis County] Litigation against Kechijian and Austin and other shareholders who may have received assets wrongfully and fraudulently conveyed from UMLIC-Five." (Compl. ¶ 41.) Yet Plaintiffs admit that they were aware of UMLIC-Five's dissolution at least two months before entry of the judgment in the Travis County Litigation (*see* Compl. ¶¶ 17–19, Ex. A), and do not allege that the Defendants' silence actually prevented them from lodging their claims in Texas.

{47}   Accordingly, because Plaintiffs' Fourth Cause of Action alleging fraud fails to satisfy the pleading requirements of Rule 9(b), the Court **GRANTS** Defendants Motion to dismiss.

2.

THE UDTPA CLAIM

{48}   To state a claim under the UDTPA, Plaintiffs must allege "(1) defendants committed an unfair or deceptive act or practice; (2) in or affecting commerce and (3) plaintiff was injured as a result." *Phelps-Dickson Builders, L.L.C. v. Amerimann Partners*, 172 N.C. App. 427, 439, 617 S.E.2d 664, 671 (2005).

{49}   Defendants assert that Plaintiffs' UDTPA claim fails as a matter of law because it does not allege an in-state injury. (Mem. Supp. Defs.' Rule 9 and Rule 12 Mot. Dismiss 7 (citing *Merck & Co., Inc. v. Lyon*, 941 F. Supp. 1443, 1463 (M.D.N.C. 1996); *In Porters, S.A. v. Hanes Printables, Inc.*, 663 F. Supp. 494, 502 (M.D.N.C. 1987) (holding that UDTPA is limited by the Commerce Clause and the Due Process Clause to "cases involving substantial effect on a plaintiff's in-state business operation")).)

{50} Plaintiffs respond that the UDTPA affords them relief where, as here, their alleged injuries were caused by the Defendants' in-state conduct. (Pls.' Mem. Opp'n Defs.' Mot. Dismiss Pls.' Fourth and Fifth Causes of Action 9–11.)

{51} The Court notes that Plaintiffs are individual consumers. For this reason, the cases relied on by the Defendants are not directly on point. However, at least one federal court in North Carolina has held that UDTPA relief is available "to a foreign plaintiff suing a resident defendant over alleged foreign injuries having a substantial in-state effect on North Carolina trade or commerce." *Jacobs v. Cent. Transp., Inc.*, 891 F. Supp. 1088, 1112 (E.D.N.C. 1995), *aff'd in relevant part, rev'd in part*, 83 F.3d 415 (4th Cir. 1996).

{52} Nevertheless, although the UDTPA's language is broad, "the Act is not intended to apply to all wrongs in a business setting." *HAJMM Co. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 593, 403 S.E.2d 483, 492 (1991).

{53} In *HAJMM,* the North Carolina Supreme Court held that a dispute over the redemption of revolving fund certificates issued by a corporation was not a transaction "in or affecting commerce" and therefore, was beyond the scope of the UDTPA. *Id.* at 595, 403 S.E.2d at 493. The court there equated revolving certificates to corporate securities, whose purpose was to provide and maintain adequate capital for the enterprises at issue. *Id.*

{54} According to the *HAJMM* court, capital raising devices are not subject to regulation by the UDTPA because the commerce element of the Act applies only to "the manner in which businesses conduct their regular, day-to-day activities, or affairs," while "the issuance of securities is an extraordinary event done for the purpose of raising capital . . . ." *Id.* at 594, 403 S.E.2d at 493. *See also Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 62, 554 S.E.2d 840, 848 (2001) (holding that loan agreement, which also gave plaintiff the right to purchase corporation's stock in the future, was primarily a capital raising device, and therefore was not "in or affecting commerce" for the purposes of the UDTPA).

{55} Although the argument is not pressed by the Defendants here, dissolution of a corporation also appears to be an extraordinary event falling outside of an

entity's day-to-day business activities. Thus, *HAJMM* and *Oberlin* suggest that the UDTPA should not apply on these facts.

{56} In any event, it is beyond cavil that the UDTPA's primary purpose is to protect the consuming public. *Skinner v. E.F. Hutton & Co., Inc.*, 314 N.C. 267, 274–75, 333 S.E.2d 236, 241 (1985). Consistent with that purpose, the UDTPA gives a private cause of action to consumers aggrieved by unfair or deceptive business practices. *See Marshall v. Miller*, 302 N.C. 539, 543, 276 S.E.2d 397, 400 (1981); *see also Bhatti v. Buckland,* 328 N.C. 240, 245, 400 S.E.2d 440, 443 (1991) (stating that the purpose of the UDTPA "is to provide a civil means to maintain ethical standards of dealings between persons engaged in business and the consuming public in this State").

{57} Plaintiffs are residents of Travis County, Texas. Their Complaint arises from Defendant UMLIC-Five's wrongful attempt to foreclose on their home in Texas. Plaintiffs ultimately obtained a $3.8 million judgment against UMLIC-Five in the Travis County Litigation, and are seeking to enforce the judgment in North Carolina.

{58} As to UMLI, Kechijian and Austin, Plaintiffs allege that they have "hindered, delayed and defrauded" Plaintiffs in their efforts to collect on that judgment. (Pls.' Mem. Opp'n Defs.' Mot. Dismiss Pls.' Fourth and Fifth Causes of Action 10.) This alleged injury, however, does not arise from competition between the parties or the consumption of goods and/or services in this state. Nor am I persuaded that the Defendants' alleged acts have had a substantial in-state effect on North Carolina trade or commerce.

{59} Accordingly, Plaintiffs may not look to the UDTPA for a remedy in this case. *See, e.g.*, *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505 (4th Cir. 1999) (disallowing use of UDTPA in case alleging damages from news gathering and stating that the UDTPA "cannot be used here because there is no competitive or business relationship that can be policed for the benefit of the consuming public"); *cf. Jacobs*, 891 F. Supp. at 1112.

{60}   The Court **GRANTS** Defendants Motion to Dismiss the Plaintiffs' Fifth Cause of Action alleging a violation of the UDTPA.

## IV.
## CONCLUSION

{61}   The Court **DISMISSES** Plaintiffs' Fourth and Fifth Causes of Action alleging fraud and a violation of the UDTPA, respectively.

This the 18th day of June, 2007.