CALABRIA, Judge.
Where plaintiff offers no support for his arguments, those arguments are deemed abandoned. Where genuine issues of material fact existed with respect to the existence of purported guarantees outside of a contract, the trial court did not err in denying plaintiff's motion for summary judgment. Where all material allegations in the pleadings were undisputed, the trial court did not err in granting defendant's motion for judgment on the pleadings.
I. Factual and Procedural Background
On 25 November 2015, Javed Maniya ("plaintiff") filed an action in Mecklenburg County Superior Court against Neighborhood Assistance Corporation of America ("NACA"). In his complaint, plaintiff alleged that NACA helped him obtain a mortgage in exchange for a $50 monthly fee, that he had sought financial assistance from NACA, and that NACA had failed to provide any assistance. He alleged claims for Advance Fee Fraud pursuant to Federal Trade Commission ("FTC") rules; unfair trade practices under North Carolina law; violation of the FTC Mortgage Assistance Relief Services Rule ("the MARS Rule"); and breach of contract. He attached to his complaint two exhibits: first, the NACA Membership Agreement ("the contract"), signed by him in 2008; and second, the Neighborhood Stabilization Fund Disclosure Statement and Membership Application form ("the disclosure statement"), signed by him in 2009.
On 22 December 2015, NACA filed a notice of removal to federal court. According to NACA's notice, since plaintiff's complaint "involves a civil suit for damages arising under alleged federal statutes and federal causes of action," the matter was properly removable to federal court. On 5 January 2016, plaintiff filed an amended complaint in the North Carolina District Court for the Western District of North Carolina, alleging similar facts to the first. This amended complaint raised claims of Advance Fee Fraud; unfair trade practices under North Carolina law; violation of the MARS Rule; violation of the North Carolina Debt Adjusting Act; and breach of contract.
On 10 February 2016, the federal district court entered an order. This order recognized that NACA sought to remove the matter to federal court because plaintiff's claims for Advance Fee Fraud and the MARS Rule alleged violations of FTC rules. However, the court held that "the Federal Trade Commission Act affords plaintiffs no private right of action to enforce its provisions." The court went on to hold that "when a plaintiff is barred from bringing a private, federal cause of action, either substantively or procedurally, no federal subject matter jurisdiction exists over that plaintiff's state cause of action predicated on a violation of same federal law." The court therefore held that, as plaintiff's federal claims were barred, it lacked jurisdiction to hear the matter, and remanded the case to state court.
On 14 March 2016, NACA filed a motion for judgment on the pleadings, alleging that plaintiff, in the contract, had "expressly released and waived all liability against NACA[;]" that plaintiff's Advance Fee Fraud and MARS Rule claims failed to state a cause of action because there is no private cause of action under those FTC rules; that plaintiff's complaint, filed in 2015, was filed after the 3-year statute of limitations on contracts claims; and that the North Carolina Debt Adjusting Act does not give rise to a claim on which relief can be granted. The motion thus sought dismissal of plaintiff's complaint, in its entirety, with prejudice. On 31 March 2016, plaintiff filed a six page motion for summary judgment, disputing the factual assertions in NACA's answer and arguing, inter alia , that NACA was "guilty" of fraud.
A hearing was conducted on both motions, and on 27 April 2016, the trial court entered two orders, one on each motion. With respect to NACA's motion for judgment on the pleadings, the trial court granted this motion, dismissing plaintiff's complaint in its entirety. With respect to plaintiff's motion for summary judgment, the trial court denied this motion.
From both orders, plaintiff appeals.
II. Abandoned Arguments
As a preliminary matter, we note that although plaintiff raises numerous arguments on appeal, he offers no legal support for the majority of his contentions. Additionally, several of his contentions are merely meandering observations, lacking in any actual argument or conclusion. "Issues ... in support of which no reason or argument is stated, will be taken as abandoned." N.C.R. App. P. 28(b)(6). Accordingly, we deem plaintiff's first, fourth, fifth, ninth, and tenth arguments abandoned. We address plaintiff's remaining arguments in turn.
III. Summary Judgment
In his second and third arguments, plaintiff contends that the trial court erred in declining to grant plaintiff's motion for summary judgment, and in "incorrectly decid[ing] questions of fact[.]" We disagree.
A. Standard of Review
"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " In re Will of Jones , 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting Forbis v. Neal , 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) ).
B. Analysis
Plaintiff first argues that the trial court erred in declining to hear plaintiff's arguments on his motion for summary judgment. Plaintiff contends that he wanted to raise arguments, but that the "Judge interrupted and stated that 'Because I've already heard enough from the other side to indicate there are issues of material fact[.]' "
The colloquy to which plaintiff refers followed an exchange with the trial court in which plaintiff asserted that he had endured financial hardship, and notwithstanding the terms of the contract he had signed, he alleged that NACA had guaranteed him financial assistance. NACA denied offering such a guarantee, noting that the contract made no such promises. The following exchange then occurred:
THE COURT: All right. Okay. Do you want to say-do you want to speak to the motion for summary judgment?
MR. MANIYA: Yeah, it's-
THE COURT: Because I've already heard enough from the other side to indicate there are issues of material fact. You say that you were-
MR. MANIYA: I-
THE COURT: You say that you were promised to be given assistance if you got in financial hardship.
MR. MANIYA: That's-
THE COURT: He says no. Would you say that's a material fact?
MR. MANIYA: It's a material fact as far as the contract. I mean, Mr. Todd King obviously did not verbally told me anything.
THE COURT: No, no, I mean-
MR. MANIYA: We haven't talked-
THE COURT: I mean, so, in essence, if there is a disagreement about a material fact and it-then-
MR. MANIYA: Then-
THE COURT: -then summary judgment is not proper.
MR. MANIYA: Your Honor, like, for example, they're talking about no closing cost, no down payment and the below-market interest rate and everything, that's totally false also. I got-
THE COURT: Well, I mean, again, what you're telling me is that there's a disagreement as to what the facts are.
MR. MANIYA: Yeah, but those are the facts I can prove, Your Honor, that-
THE COURT: Well, we're not here to prove the case. We're here to determine whether or not-you're not trying your case today.
MR. MANIYA: Okay.
THE COURT: That would be done at another time in front of a jury or in front of a judge-
MR. MANIYA: Okay.
THE COURT: -depending on how the prayer for relief is fashioned. Today is with regard to your motion for summary judgment is determine whether or not there are any material facts and not-I can certainly tell you based on what I've heard already and read in this agreement there certainly are material facts and would deny your motion for summary judgment.
It is clear from this exchange that the trial court heard plaintiff's arguments and recognized that they demonstrated a genuine issue of material fact, namely whether NACA had made guarantees to plaintiff of financial assistance. The trial court therefore properly denied plaintiff's motion for summary judgment.
Plaintiff next contends that the trial court, in denying the motion for summary judgment, incorrectly decided questions of fact. Plaintiff contends, through somewhat awkwardly-phrased arguments, that NACA never denied or disputed plaintiff's claims, and that somehow NACA was lying to create genuine issues of fact. Plaintiff also attempts to cite various laws without explaining their relevance. Apparently, plaintiff contends that the trial court's denial of his motion for summary judgment operated as a decision regarding questions of fact, which is explicitly untrue. The trial court denied plaintiff's motion for summary judgment because it could not decide the issues of fact before it on the motion.
With respect to plaintiff's arguments concerning the denial of his motion for summary judgment, we hold that the trial court did not err in denying the motion. With respect to any allegations in these arguments which were not supported by law, or which were incomprehensible to this Court, we deem them abandoned. N.C.R. App. P. 28(b)(6).
IV. Judgment on the Pleadings
In his sixth, seventh, and eighth arguments, plaintiff contends that the trial court erred in granting NACA's motion for judgment on the pleadings, in denying plaintiff's request to consider evidence in the motion for judgment on the pleadings, and in addressing ambiguities in the contract in the motion for judgment on the pleadings. We disagree.
A. Standard of Review
This Court reviews a trial court's grant of a motion for judgment on the pleadings de novo. Toomer v. Branch Banking & Tr. Co., 171 N.C. App. 58, 66, 614 S.E.2d 328, 335, disc. rev. denied, 360 N.C. 78, 623 S.E.2d 263 (2005). "Judgment on the pleadings, pursuant to Rule 12(c), is appropriate when all the material allegations of fact are admitted in the pleadings and only questions of law remain." Groves v. Community Hous. Corp., 144 N.C. App. 79, 87, 548 S.E.2d 535, 540 (2001) (internal citations and quotations omitted). "Judgments on the pleadings are disfavored in law, and the trial court must view the facts and permissible inferences in the light most favorable to the non-moving party." Id. (citations omitted).
Carpenter v. Carpenter , 189 N.C. App. 755, 757, 659 S.E.2d 762, 764-65 (2008).
B. Analysis
Plaintiff first contends that the trial court erred in granting judgment on the pleadings in favor of NACA. Plaintiff alleges that no memorandum on NACA's motion was filed with the trial court, and that it was necessary to do so. Plaintiff further alleges that the contract was ambiguous, and that NACA's arguments on its motion were "Totally Lies and Deceptive[.]" Plaintiff further makes various arguments with respect to Rule 12(b)(6) motions to dismiss.
NACA's motion for judgment on the pleadings contained four allegations: (1) that plaintiff had expressly released and waived all liability against NACA; (2) that plaintiff's allegations regarding Advance Fee Fraud and the MARS Rule offered no private cause of action and thus failed to state claims upon which relief could be granted; (3) that the contract and disclosure statement were signed by plaintiff in 2008 and 2009, respectively, and that the 3-year statute of limitations had expired before plaintiff filed his original complaint in 2015; and (4) that plaintiff's allegations regarding the North Carolina Debt Adjusting Act did not state a claim upon which relief could be granted. None of plaintiff's contentions mentioned above challenged these legal arguments by NACA in its motion for judgment on the pleadings. As such, none of them properly challenge the trial court's decision to grant judgment on the pleadings in favor of NACA.
Plaintiff next contends that the trial court erred in preventing plaintiff from submitting evidence in response to NACA's motion, namely a workbook which plaintiff alleged contained evidence of NACA's purported deception. This, however, paints an incomplete picture of the proceedings below.
In the trial court, after NACA had presented its motion for judgment on the pleadings, plaintiff raised his motion for summary judgment. After the colloquy cited above in section III. B. of this opinion, plaintiff moved to introduce a workbook, which he alleged demonstrated that NACA had made false promises to induce him into the contract. The trial court was prepared to receive a copy of the workbook for consideration of plaintiff's motion. At that point, however, NACA raised the following concerns:
MR. KING: Your Honor, the only thing I would say about that is, if that's for his motion for summary judgment for your consideration, that's fine, but for my Rule 12(c) motion on the pleadings, if any matters outside the pleadings are considered-
THE COURT: That's why I asked-
MR. KING: Right. I would oppose-
THE COURT: I will leave you the right to decide whether or not it can be considered. If you're saying you're not going to allow it, then that's fine.
MR. KING: That's right, Your Honor.
THE COURT: I mean, I-
MR. KING: I don't think he should be allowed to convert my 12(c) motion to a summary judgment motion.
THE COURT: All right. All right. All right.
MR. MANIYA: No, but I'm not talking-that's two separate thing. I'm not talking about converting one thing. I have actually prepared the answer for-even though I did not have enough time to North Carolina statute, Your Honor, I can-
THE COURT: Well, he's-at this point he's objecting to me receiving this information. First off, the local rule requires it to be served on the opposing counsel within two days before the-which, of course, you did and you mentioned earlier. So I'll just-I'll just examine what has been in the file based on your motion. I'm going to deny your motion for summary judgment at this time, ask you to prepare an order, but don't prepare that-
Well, actually, probably need to be two orders. So you can go ahead and prepare that order.
MR. KING: Okay.
...
MR. MANIYA: And I can provide you this (unintelligible)?
THE COURT: No. He's objecting to it.
MR. MANIYA: So why would he object to providing me the evidence?
THE COURT: Because the rules require that you provide it within a certain period of time prior to the hearing, and you did not do that and he has a right to do that.
MR. MANIYA: Provide, I'm sorry, provide for that?
THE COURT: Sir?
MR. MANIYA: I didn't catch that.
THE COURT: I'm going to say it slowly. The rules provide that any documents that you want to provide to me be given to him two days prior to hearing so he can look at them and-
MR. MANIYA: But this is the one book though, so I-
THE COURT: Well, they probably have a million documents that are owned by them.
MR. MANIYA: No, Your Honor, I mean, in this-
THE COURT: Well, that's-
MR. MANIYA: -these two-
THE COURT: -the rules. I'm not going to consider it. Thank you. That's all. Thank you.
MR. MANIYA: So you need the notebook copies and my complaints and all that?
THE COURT: I do have that, yes, sir, it's right here in the file.
MR. MANIYA: But my side of the story?
THE COURT: Everything that's in the file is the only thing I'm considering and that is all. Thank you, sir.
It is clear that the trial court excluded the workbook because it determined that NACA was not provided timely notice that plaintiff intended to offer the workbook in evidence, and because the workbook was outside the scope of the pleadings. Plaintiff's arguments notwithstanding, his failure to offer NACA timely notice of the workbook, or to attach it to his complaint, precluded the trial court from considering it in light of NACA's motion for judgment on the pleadings.
Lastly, plaintiff alleges that there were ambiguities in the contracts which would prevent the trial court from granting a motion for judgment on the pleadings. Notwithstanding the fact that this directly contradicts plaintiff's earlier argument that no ambiguities existed which would prevent a motion for summary judgment, plaintiff misconstrues the issue. NACA's motion for judgment on the pleadings did not address the nature or contents of the contracts, except inasmuch as the contracts contained waivers of liability; rather, NACA's motion dealt with plaintiff's allegations, which failed to state claims upon which relief could be granted, and which failed due to the statute of limitations upon contract claims. Even assuming arguendo that plaintiff is correct, and that the contract contained too much ambiguity to resolve a contract claim, NACA's motion for judgment on the pleadings was still a valid motion, and was still properly considered and granted by the trial court. For all the foregoing reasons, we hold that the trial court did not err in granting NACA's motion for judgment on the pleadings.
AFFIRMED.
Report per Rule 30(e).
Judges INMAN and ZACHARY concur.