BUILDERS MUTUAL INS. CO., Plaintiff v. GLASCARR PROPERTIES, INC., Defendant

No. COA09-486

(Filed 2 February 2010)

**Declaratory Judgment— insurance policy—anti-concurrent causation clause—summary judgment**

In a declaratory judgment action to determine the respective rights and obligations of the parties under an insurance policy with respect to defendant's claim for mold remediation, the trial court did not err in granting judgment on the pleadings in favor of plaintiff insurance company because an anti-concurrent causation clause in the insurance policy unequivocally excluded reimbursement for the cost of mold remediation.

Appeal by Defendant from order entered 6 February 2009 by Judge R. Stuart Albright in Guilford County Superior Court. Heard in the Court of Appeals 15 October 2009.

*Pinto Coates Kyre & Brown, PLLC, by John I. Malone, Jr., and David G. Harris, II, for Plaintiff-Appellee.*

*Wyatt Early Harris Wheeler LLP, by Allison M. Meade, for Defendant-Appellant.*

BUILDERS MUT. INS. CO. v. GLASCARR PROPS., INC.

[202 N.C. App. 323 (2010)]

BEASLEY, Judge.

Defendant (Glascarr Properties, Inc.) appeals from judgment on the pleadings entered in favor of Plaintiff (Builders Mutual Ins. Co.). We affirm.

Plaintiff corporation is a North Carolina insurance company, and Defendant is a North Carolina property development corporation. Defendant purchased a builders risk insurance policy (the policy) from Plaintiff, effective 18 May 2007 to 18 May 2008. Defendant developed a property in Kernersville, North Carolina, completing construction of a house on the property (the house) in September 2006. In August 2007 Defendant learned that vandals had broken into the house and left water taps running, causing extensive damage. Defendant submitted a claim under the policy for $102,161.44 in losses arising from the vandalism, and in October, 2007, Plaintiff paid $101,661.44 in settlement of Defendant's claim. Defendant later discovered mold in the house, caused by the vandals' water damage, and submitted an additional claim for approximately $39,000.00 for mold remediation. Plaintiff denied this claim, on the grounds that the policy excluded coverage for losses caused by mold.

On 17 June 2008 Plaintiff filed a declaratory judgment action, seeking a declaration that the policy excluded coverage for Defendant's claim for mold remediation. On 16 December 2008 Defendant filed a motion for judgment on the pleadings, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(c). On 6 February 2009 the trial court denied Defendant's motion and entered judgment on the pleadings in favor of Plaintiff. The trial court ruled in relevant part that the policy "does not provide coverage to [Defendant] for its claim for mold remediation for [the house]." From this order, Defendant appeals.

<u>Standard of Review</u>

Defendant appeals from an order granting judgment on the pleadings. "Judgment on the pleadings, pursuant to Rule 12(c), is appropriate when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Groves v. Community Hous. Corp.*, 144 N.C. App. 79, 87, 548 S.E.2d 535, 540 (2001) (internal quotations and citations omitted). "In deciding such a motion, the trial court looks solely to the pleadings. The trial court can only consider facts properly pleaded and documents referred to or attached to the pleadings." *Reese v. Mecklenburg County*, —— N.C. App. ——, ——, 685 S.E.2d 34, 37-38 (2009) (citing *Wilson v. Development Co.*, 276

N.C. 198, 206, 171 S.E.2d 873, 878 (1970)). In the instant case, Plaintiff attached the policy, designated Exhibit A, to its complaint. In its answer, Defendant "admitted that Exhibit A attached to Plaintiff's complaint appears to be a copy of [the policy]." We conclude that the trial court properly considered the policy in its ruling.

"This Court reviews *de novo* a trial court's ruling on motions for judgment on the pleadings. Under a *de novo* standard of review, this Court considers the matter anew and freely substitutes its own judgment for that of the trial court." *Reese*, —— N.C. App. at ——, 685 S.E.2d at 38 (citing *Toomer v. Branch Banking & Tr. Co.*, 171 N.C. App. 58, 66, 614 S.E.2d 328, 335 (2005)).

"Generally, questions involving the liability of an insurance company under its policy are a proper subject for a declaratory judgment." *Nationwide Mut. Ins. Co. v. Roberts*, 261 N.C. 285, 287, 134 S.E.2d 654, 657 (1964) (citation omitted). This is true in the present case, where the parties agree that resolution of their dispute depends upon determination of their respective legal obligations and rights under the policy. The parties agree that the policy generally covers Defendant's losses from water damage caused by vandalism. However, the water damage led to the formation of mold, and the parties disagree about whether the policy covers reimbursement for the cost of mold remediation.

The policy includes, as relevant to our decision, the following provisions:

A. Coverage. We will pay for direct physical "loss" . . . from any Covered Cause of Loss[.]

    . . . .

3. Covered Cause of Loss means risks of direct physical loss . . . except those causes of loss listed in the Exclusions.

B. Exclusions. 1. We will not pay for a "loss" caused directly or indirectly by any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

    . . . .

f. The presence, growth, proliferation, spread or any activity of "Fungi", wet or dry rot or "microbes."

(emphasis added). This kind of exclusionary language is referred to as an "anti-concurrent causation" clause, because it excludes coverage for certain losses, regardless of whether the loss arises from more than one cause or sequence of events. *Magnolia Mfg. of N.C., Inc. v. Erie Ins. Exch.*, 361 N.C. 213, 639 S.E.2d 443 (2007) (*per curiam*), 179 N.C. App. 267, 278, 633 S.E.2d 841, 847-48 (2006) (Tyson, J. dissenting). The parties agree that the policy's definition of "Fungi" includes mold. Plaintiff argues that the policy's anti-concurrent causation clause excludes coverage for mold remediation. We agree.

In reaching this conclusion, we are mindful that "in North Carolina [the] insurance policies are construed strictly against insurance companies and in favor of the insured." *State Capital Ins. Co. v. Nationwide Mutual Ins. Co.*, 318 N.C. 534, 546, 350 S.E.2d 66, 73 (1986). However, "an insurance policy is a contract and its provisions govern the rights and duties of the parties thereto." *Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 380, 348 S.E.2d 794, 796 (1986) (citation omitted). Therefore:

> if the meaning of the policy is clear and only one reasonable interpretation exists, the courts must enforce the contract as written; they may not, under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for and found therein.

*Woods v. Insurance Co.*, 295 N.C. 500, 506, 246 S.E.2d 773, 777 (1978). In the instant case, the plain language of the policy unequivocally excludes payment for losses "caused directly or indirectly by" mold, and this exclusion applies "regardless of any other cause or event that contributes concurrently or in any sequence to the 'loss' ". We conclude that the policy clearly excludes payment of a claim for the cost of mold remediation.

Defendant, however, makes several arguments to the contrary. Defendant first argues that:

> [t]he exclusion [for losses caused by mold] does not exclude the cost of removing mold where the mold is caused by a covered cause of loss such as vandalism. . . . [T]he exclusion applies only where mold itself "caused" the loss. Here, mold was not the "cause" of the "loss"[.]

Defendant submitted a claim seeking reimbursement or payment for mold remediation in the house, and the "loss" at issue is the financial cost of mold remediation. Defendant's argument, that the presence of

mold did not "cause" this particular loss, is unavailing. This assignment of error is overruled.

Defendant correctly states that vandalism is a covered cause of loss under the policy, and posits that vandalism caused water damage which, in turn, caused the formation of mold. Defendant alleges that vandalism (a covered cause of loss) caused its loss for the cost of mold remediation (a non-covered cause). Defendant argues that, because the policy covers claims arising from vandalism, it also covers losses caused by mold, provided the mold itself was caused by a covered cause of loss. Defendant cites the holding of *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 350 S.E.2d 66, and similar cases, that:

> when an accident has more than one cause, one of which is covered by an . . . insurance policy and the other which is not, the insurer must provide coverage. . . . "As a general rule, coverage will extend when damage results from more than one cause even though one of the causes is specifically excluded."

*Id.* at 547, 350 S.E.2d at 74 (quoting *Avis v. Hartford Fire Insurance Co.*, 283 N.C. 142, 150, 195 S.E.2d 545, 549 (1973)). These cases have held that a loss may be covered if it is caused in part by a covered cause of loss. However, the North Carolina cases cited by Defendant are all ones in which the policy <u>did not</u> contain an anti-concurrent clause that specifically excluded coverage for certain types of loss, regardless of the interplay of covered and non-covered causes of loss. In the instant case, Defendant's position directly contradicts the policy's express exclusion of coverage for losses "<u>caused directly or indirectly by</u>" mold, "<u>regardless of any other cause or event that contributes concurrently or in any sequence to the "loss"</u>. Vandalism is an "indirect" cause of mold, or an "other cause or event" that contributed "concurrently or in any sequence" to the financial loss for which Defendant seeks reimbursement. We conclude that this is precisely the scenario described by the exclusion. Defendant also cites various cases from other jurisdictions. These cases are not binding authority for this Court, and we decline to follow them. This assignment of error is overruled.

Defendant also argues that exclusion of losses caused by mold is inconsistent with Plaintiff's having covered losses arising from the water damage caused by vandalism, noting that losses caused by certain types of water damage are also excluded. However, even assuming, *arguendo*, that Defendant has correctly identified an inconsis-

tency in Plaintiff's position on coverage, Defendant cites no authority suggesting that this alleged inconsistency would bar application of the mold exclusion. This assignment of error is overruled.

Defendant asserts that "to the extent that there is any ambiguity in the Fungus Exclusion endorsement," such ambiguity must be interpreted in favor of the insured. Defendant also argues that Plaintiff failed to use "language that was clear, unambiguous and easily understood" to "exclude coverage for any and all losses consisting of or otherwise relating to mold, even where the mold was caused by a covered peril[.]" Defendant contends that it is not clear whether the exclusion applies to losses for mold if the mold arose from a covered cause of loss. We conclude that the policy's language excluding coverage for "a 'loss' caused directly or indirectly by [mold] . . . regardless of any other cause or event that contributes concurrently or in any sequence to the 'loss' " is clear and unambiguous. Nor does Defendant explain how "any other cause" might reasonably be interpreted as meaning "only non covered causes." This assignment of error is overruled.

Defendant next suggests that, in order to enforce the policy as written, we would have to hold that the anti-concurrent clause "overrules" prior cases interpreting policies without anti-concurrent exclusions. It is undisputed that the earlier cases cited by Defendant interpreted policies that did not contain anti-concurrent exclusionary clauses. Consequently, those cases did not consider or interpret anti-concurrent causation clauses. Defendant fails to offer a reason that this Court's enforcement of the terms of this policy would "overrule" earlier cases addressing the proper interpretation of policies with different language. This assignment of error is overruled.

We conclude that, under the plain language of the policy, Defendant was not entitled to recover for its claim for loss caused by mold, and that the trial court's order should be

Affirmed.

Judges STEPHENS and STROUD concur.