An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1048
NORTH CAROLINA COURT OF APPEALS

Filed: 4 March 2014

TERRY HARRIS and
MICHELLE HARRIS
      Plaintiffs,

　　v.　　　　　　　　　　　　　　　　Randolph County
　　　　　　　　　　　　　　　　　　　No. 12 CVS 2353
A-1 BUILDERS OF NC., INC.,
      Defendant.


Appeal by defendant from order entered 24 April 2013 by Judge L. Todd Burke in Randolph County Superior Court.  Heard in the Court of Appeals 3 February 2014.


>   *Moser, Schmidly, & Roose, by J. Brooke Schmidly and R. Anthony Copple, for plaintiffs.*
>
>   *Carruthers & Roth, P.A., by Mark K. York and J. Patrick Haywood, for defendant.*


ELMORE, Judge.

Defendant appeals from an order entered 24 April 2013 denying its motion for judgment on the pleadings pursuant to North Carolina Civil Procedure Rule 12(c).  After careful consideration, we affirm the trial court's order.

## I. Facts

On 2 August 2010, A-1 Builders of NC, Inc. (defendant) through its owner and president David Hazelwood, entered into a contract (purchase contract) and New Construction Addendum (the addendum) with Michelle A. Harris (Ms. Harris) to build a house located at 3882 Hangar Run in Sophia, which Ms. Harris agreed to purchase for $197,600.00.  Under the "change orders" provision of the addendum, the buyer could "order changes in the construction of the [h]ouse within the general scope of the [p]lans and [s]pecifications, consisting of additions, deletions or other revisions, and the purchase price and [c]losing date shall be adjusted accordingly."  However, the provision specifically required that "[a]ll such changes shall be made only by a change order, which shall be in writing and signed by both [b]uyer and [s]eller."  The addendum also stated that

> [s]eller hereby warrants that, for a period of one (1) year from the date of [c]losing or the date [b]uyer occupies the [h]ouse, whichever comes first, [s]eller will make all necessary repairs and corrections to the [h]ouse, either interior or exterior, structural or nonstructural, that shall become necessary by reason of faulty construction, labor or materials or non-conformity of construction to the [p]lans and [s]pecifications.

Ms. Harris' husband, Terry Harris (Mr. Harris), was not a party to either the purchase contract or the addendum.  After

Ms. Harris and defendant executed the contract, but before construction of the house, Mr. Harris and Ms. Harris (collectively plaintiffs) asked that defendant install hardwood stairs in the residence instead of carpeted stairs as originally agreed upon. Defendant approved this change, and on 27 September 2010, Ms. Harris paid defendant $1,120.00 by check to complete this upgrade. After defendant commenced construction of the residence, Ms. Harris requested that defendant construct two brick columns on the driveway's entrance. Once again, defendant acquiesced and was paid $1,010.00 for the cost of the columns. On 20 October 2010, defendant signed a Warranty of Completion of Construction, which provided that defendant "warrants" to buyer, "the property against defects in equipment, material, or workmanship and materials supplied or performed by [defendant] or any subcontractor or supplier at any tier resulting in noncompliance with standards of quality as measured by acceptable trade practices."

Plaintiffs conducted a final inspection of the residence on 8 November 2010 and found that some of the hardwood stairs were cracked. Additionally, plaintiffs noticed that bricks were falling off the columns. In response, Mr. Harris filed a *pro se* small claims action entitled "complaint for money owed" (the

first complaint) in the amount of $2,130.00, which alleged that "[h]ardwood steps has [sic] splits [i]n the wood, can't use" and "[b]rick columns – [b]ricks are falling of [sic] the columns[.]" After a hearing, the magistrate ruled in favor of plaintiff, and defendant filed notice of appeal to Randolph County District Court (district court). The case was selected for court ordered arbitration, and the arbitrator ruled that "plaintiff is awarded nothing from the defendant" and dismissed the action. Mr. Harris appealed for a trial *de novo* in district court, and the case was heard before Judge Robert M. Wilkins. Judge Wilkins entered an order on 4 January 2012, concluding as a matter of law that: 1.) although Mr. Harris was not a party to the purchase contract between defendant and Ms. Harris, he was a "real party in interest and ha[d] standing to maintain this action[;]" and 2.) plaintiff was entitled to $500.00 for the cost to replace three cracked stairs.

Plaintiffs filed a separate complaint (the second complaint) on 24 September 2012 for breach of the purchase contract and addendum; negligent construction and repair; breach of express warranty; breach of implied warranty of habitability; and unfair and deceptive trade practices after numerous unsuccessful attempts, both orally and in writing, to get

defendant to correct defective work in and around the residence. Plaintiffs alleged that they only noticed these additional defects after they occupied the residence on 22 November 2010. Defendant moved for judgment on the pleadings, arguing that plaintiffs' second complaint was barred by *res judicata*. Defendant's motion was denied in an order entered 24 April 2013 by Judge Burke. Defendant timely appealed Judge Burke's order to this Court on 2 May 2013.

## II. Analysis

### a.) Interlocutory Appeal

We first address plaintiffs' argument that we should dismiss defendant's appeal because the order is interlocutory and fails to affect a substantial right. We disagree.

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citation omitted). Therefore, a trial court's denial of a motion for judgment on

the pleadings is interlocutory and normally not appealable because a denial of the motion "does not finally determine the rights of the parties[.]" *Boyce & Isley*, *PLLC v. Cooper*, 169 N.C. App. 572, 574, 611 S.E.2d 175, 176 (2005). However, immediate appeal of an interlocutory order is available when it "affects a substantial right[.]" *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999). Our Supreme Court has noted that "the right to avoid the possibility of two trials on the same issues can be such a substantial right." *Bockweg v. Anderson*, 333 N.C. 486, 490-91, 428 S.E.2d 157, 160 (1993) (citation and quotation omitted).

Under the doctrine of *res judicata*, "a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." *Williams v. Peabody*, ___ N.C. App. ___, ___, 719 S.E.2d 88, 92 (2011) (citation and quotations omitted). Thus, a motion for judgment on the pleadings based on *res judicata* seeks to prevent "a successful defendant, or one in privity with that defendant, [from] twice hav[ing] to defend against the same claim by the same plaintiff, or one in privity with that plaintiff." *Bockweg*, 333 N.C. at 491, 428 S.E.2d at 161. An order denying such a motion can affect a substantial right because it "could

lead to a second trial in frustration of the underlying principles of the doctrine of *res judicata*." *Id.*

Here, defendant's motion requested that the trial court dismiss plaintiffs' complaint because the claims asserted "were or should have been litigated in the previous action[.]" Thus, defendant's motion was based on the defense of *res judicata*. The trial court's denial of defendant's motion could result in defendant having to litigate the same claims in the second complaint that were brought by Mr. Harris in the first complaint. Therefore, we conclude the order is immediately appealable because it affects a substantial right, and we address the merits of defendant's arguments on appeal.

**b.) Judgment on the Pleadings**

Defendant argues that the trial court erred in denying his motion for judgment on the pleadings because plaintiffs' second complaint is barred by *res judicata*. Specifically, defendant avers that both complaints were based upon breach of the purchase contract and addendum. We disagree.

We review a trial court's ruling on a motion for judgment on the pleadings under a *de novo* standard of review. *Builders Mut. Ins. Co. v. Glascarr Properties, Inc.*, 202 N.C. App. 323, 325, 688 S.E.2d 508, 510 (2010) (citation and quotation

omitted). "'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen, Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)); *see also Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) ("Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal."). Judgment on the pleadings "is appropriate when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Groves v. Community Hous. Corp.*, 144 N.C.App. 79, 87, 548 S.E.2d 535, 540 (2001) (citation and quotations omitted). In ruling on a motion for judgment on the pleadings, we look "solely to the pleadings" and "only consider facts properly pleaded and documents referred to or attached to the pleadings." *Builders Mut. Ins. Co.*, 202 N.C. App. at 324, 688 S.E.2d at 510 (citation and quotation omitted).

*Res judicata*, also known as claim preclusion, bars the "relitigation of all matters . . . that were or should have been adjudicated in the prior action." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) (citation and

quotation omitted). The party seeking to assert *res judicata* has the burden of establishing its elements. *Bluebird Corp. v. Aubin*, 188 N.C. App. 671, 679, 657 S.E.2d 55, 62 (2008). A party must show "(1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits" in order to prevail on a theory of *res judicata*. *Herring v. Winston-Salem/Forsyth Cnty. Bd. of Educ.*, 188 N.C. App. 441, 444, 656 S.E.2d 307, 310 (2008) (citation and quotation omitted).

The dispositive question to this appeal is whether the first and second complaints have an identity of the causes of action. Subsequent to entrance of the purchase contract and addendum, two separate oral arrangements were agreed upon between plaintiffs and defendant. Plaintiffs requested that instead of installing carpeted stairs in the house as was originally discussed, defendant install hardwood stairs. Defendant agreed, and Ms. Harris paid defendant $1,120.00. Ms. Harris also asked defendant to build two brick columns on the driveway and paid defendant $1,010.00 to complete the task. Under the addendum, the only way to modify the construction of the residence was pursuant to the "change orders" provision of

the addendum. However, the construction of the hardwood stairs and the columns did not operate as a "change order" because they were neither made in writing nor signed by the parties. Furthermore, the price of the house under the purchase contract did not change, as required by the change order provision, despite the additional construction costs. Thus, the terms of the purchase contract and addendum were unchanged and remained the same as originally contemplated.

When plaintiffs conducted a final inspection of the residence before moving in, they observed that 3 of the 11 hardwood stairs were cracked. They also noted that the bricks were falling off the columns, and the columns were different heights. Accordingly, Mr. Harris filed the first complaint for money owed in the amount of $2,130.00, which was the total sum provided by plaintiffs to defendant for construction of the hardwood stairs and the columns. The first complaint merely alleged that "[h]ardwood steps has [sic] splits [i]n the wood, can't use" and "[b]rick columns – [b]ricks are falling of [sic] the columns[.]" Mr. Harris also specified that "[defendant] was paid cash for steps . . . and [b]rick columns [i]n front of [h]ouse. The wood has splits in it and the [b]ricks are falling off." Thus, the totality of the circumstances surrounding the

first complaint shows that it originated from a separate oral agreement arising outside the scope of the purchase contract and addendum.

Unlike the first complaint, the subject matter of the second complaint is not money owed for the hardwood steps or columns. Rather, the second complaint is based on a statutory violation and breach of contract that alleges defendant's breach of the purchase contract and addendum, negligent construction and repair, breach of express warranty, breach of implied warranty of habitability, and unfair and deceptive trade practices. The allegations address defendant's failure to abide by the terms of the contracts by not: 1.) "perform[ing] work on the [r]esidence and property in a proper, workmanlike and ordinarily skillful manner[;]" 2.) working "in accordance with . . . the standards of good workmanship common in the construction industry[;]" and 3.) "correct[ing] the defective work performed on the [r]esidence[.]" Plaintiffs list over twenty-five discovered alleged defects, none of which include faulty construction of the hardwood stairs or the columns. While the first complaint involved an issue for money owed stemming from an agreement made outside the purview of the purchase contract and addendum before plaintiffs occupied the residence, the

second complaint directly relates to defendant's breach of the purchase contract, addendum, warranties, and industry standards after plaintiffs' occupancy. Thus, the claims in the complaints arise from two different causes of action. Accordingly, we rule that the trial court did not err in denying defendant's motion for judgment on the pleadings because plaintiffs' second complaint is not barred by *res judicata*.

## III. Conclusion

In sum, the trial court did not err in denying defendant's motion for judgment on the pleadings. Thus, we affirm the trial court's order.

Affirmed.

Chief Judge MARTIN and Judge HUNTER, Robert N., concur.

Report per Rule 30(e).